BELMONT COUNTY—MARCH TERM, 1818.

PRESENT—TAPPAN, *President;* WILEY, ANDERSON, & BRYSON, *Associates.*

## PERINE vs. DEANS & SHOULTZ.

In joint trespasses, the damages cannot be severed by the jury.
When damages are severally assessed in joint trespasses, the satisfaction of one is a satisfaction to the whole.

TRESPASS for an assault and battery.

The defendants pleaded, severally, not guilty.

JENNINGS and SPRIGG, for the plaintiff.

WRIGHT, for the defendants.

The counsel for the plaintiff, asked the court to charge the jury that if they found more than one of the defendants guilty, they should assess joint damages.

PRESIDENT—In trespass, all are principals, and each trespasser is liable for the whole damages sustained. In an action for a joint trespass, where the jury find all the defendants guilty, I do not see how they can sever in the damages, unless on the assumed fact that trespassers are liable in different degrees, for that one may have struck a severer blow than another; but if A. and B. commit a joint trespass, in such way as that A. only stands by B. countenancing and encouraging him in doing the act complained of, it cannot be said that the law holds him *equally* responsible with B. if they can be made to pay unequal damages. It is well settled, generally, that if several suits are brought against several joint trespassers, damages can only be collected of one of them. Verdicts have been received in our courts, in many instances, against joint trespassers, where the damages were severally assessed, but no decision had been had, whether such practice is correct or incorrect.

In England, before the case of Hill and another vs. Goodchild, (5th Burr. 2790) there had been very great confusion in the cases upon this subject—but in that case it was settled, that where the jury find the defendants guilty of a joint trespass, the damages cannot be severed, (Brown vs. Allen and Oliver, 4th Esp. Rep. 158.) In Virginia (Ammonett vs. Harris and Turpin, 1st H. &. M. 488) and in Massachusetts (4th Mass. Rep. 419) the same rule of law prevails. In South Carolina (White vs. M'Niely et al., 1st Bay. 11) the law allows the plaintiff to recover several damages of several joint trespassers; of course, it is correct there, that in an action against several, the jury may sever in their damages.

This is a suit brought against three persons, for a joint assault and battery committed upon the plaintiff. If the jury find them all guilty, or two of them guilty and one not guilty, the jury cannot sever the damages, but must assess them jointly; and it makes no difference that the defendants have severed in their pleadings, for those who are guilty of the trespass, are *equally* guilty in law; and the consequence of assessing several damages would be, that all but one would be, in effect, acquitted, although pronounced by the verdict equally guilty with the one who suffers—for the plaintiff could not take several judgments and executions, he would be compelled to elect one, and thereby discharge the others, except as to the costs.

Verdict—Guilty as to all the defendants.

Verdict and Judgment for $250 damages.